HERE COMES:

PAUL CURTIS LEGGETT

T.D.C.J-I.D.# 1780272

JOHN M. WYNNE UNIT

810 FM 2821

HUNTSVILLE, TEXAS 77349-0001

ON THIS DAY SEPTEMBER 5TH, 2014

IN RE: CAUSE NO. 1277124R

THOMAS A WILDER

DISTRICT CLERK - CRIMINAL

TARRANT COUNTY

401 W. BELKNAP

FORT WORTH, TEXAS 76196-0402

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 18 2015

Abel Acosta, Clerk

DEAR MR. WILDER,

ON THE 5TH DAY OF JUNE, 2014 PETITIONER FILED INTO RECORD IN THE CLERKS OFFICE CAUSE NO. 1277124R HIS MOTION FOR RE-CONSIDERATION OF NUNC PRO TUNC ORDER CORRECTING THE JUDG-MENT OF THE COURTS FINDING OF THE DEADLY WEAPON ON 04-19-2012. THE COURT ENTERED AN ORDER ON THE ABOVE STATED MOTION, DENYING SAID MOTION ON THE 25TH DAY OF AUGUST, 2014. PETITIONER HAS MADE HIS TRAVERSE TO THIS ORDER AND DUE TO HIS INDIGENCY, HE IS UNABLE TO SEND SAID INSTRUMENT TO FAMILY OR FRIENDS TO MAKE COPIES NOR DOES HE HAVE ACCESS TO A PHOTOCOPIER TO MAKE COPIES. THEREFORE, PETITIONER REQUEST THE CLERK TO FILE

HIS TRAVERSE INTO THE RECORD IN THE ABOVE STATED CAUSE. THEREAFTER, TRANSMITTING A COPY TO THE CRIMINAL DISTRICT COURT NO. TWO (2) OF TARRANT COUNTY, TEXAS.

PETITIONER BEFORE HE CLOSES, WISHES THAT YOU, MR. WILDER AND YOUR STAFF "THANK YOU" FOR THE TIME SPENT IN THIS IMPORTANT MATTER, FOR I'M AWARE AND UNDERSTAND EVERYONE'S TIME IS VALUABLE. THANK YOU!

RESPECTFULLY SUBMITTED

Paul Curtis Daggett

C.C. TO THE FOLLOWING:

TO THE HONORABLE JUDGE WAYNE SALVANT
CRIMINAL DISTRICT COURT NO. TWO (2)
TARRANT COUNTY, TEXAS

DISTRICT ATTORNEY JOE SHANNON JR.
TIM CURRY JUSTICE CENTER
401 W. BELKNAP, 9TH FLOOR
FT. WORTH, TEXAS 76196-0201

CASE NO. 1277124 R

THE STATE OF TEXAS                    IN THE CRIMINAL

V.                                    DISTRICT COURT TWO (2)

PAUL CURTIS LEGGETT                   TARRANT COUNTY, TEXAS

MOTION FOR RECONSIDERATION OF NUNC PRO TUNC ORDER
CORRECTING MINUTES OF THE COURT ON THE FINDING OF THE
DEADLY WEAPON NOTICE

TO THE HONORABLE JUDGE OF SAID COURT:

I PAUL CURTIS LEGGETT, ON THIS DATE 09-04-2014, QUESTION THE
VALIDITY OF THE "NUNC PRO TUNC" ORDER DATED 04-19-2012. I WAS
INFORMED BY COUNSEL ON 09-13-2012, THAT THE DEADLY WEAPON CHARGE
WOULD BE DROPPED PROVIDED I ACCEPT THE PROPOSED PLEA BARGAIN OF
THIRTY-EIGHT (38) YEARS. I SIGNED THE AGREED UPON PLEA BARGAIN
WITH THE ABOVE STATED UNDERSTANDING OF NON-AGGREVATING BEHIND
SAID COURT IN THE HOLDING TANK. THEREFORE, THIS WAS A BINDING PLEA
AGREEMENT BETWEEN THE STATE AND MR LEGGETT. IN OTHER WORDS. A
CONTRACTUAL ARRANGEMENT CONSUMATED BETWEEN THE STATE AND I,
WHICH THE COURT STATED IT ACCEPTED AND ALSO MADE ITS FINDING ON
THIS PLEA AGREEMENT. THUS, THE CONTRACT OF THE PLEA AGREEMENT
WAS THEREAFTER BINDING ON THE PARTIES. SEE: BITTERMAN V. STATE,
180 S.W. 2d 139, 141-42 (TEX. CRIM. APP. 2005). SIX (6) DAY THEREAFTER
ON 04-19-2012, THE STATE BREACHED THIS BINDING PLEA AGREEMENT.
[IF] THE STATE FILED THE "NUNC PRO TUNC" REQUESTING THE TRIAL COURT TO
ALTER THE ORIGINAL JUDGMENT FROM THE ORIGINAL PLEA BARGAIN
AGREEMENT OF THE STATE'S WAIVER OF THE DEADLY WEAPON FINDING ON
04-19-2012 OR WHETHER THE TRIAL COURT ON ITS OWN ALTERED THE ORIG-
INAL JUDGMENT THROUGH A "NUNC PRO TUNC". EITHER WAY THE TRIAL
COURT GRANTING THE STATE'S "NUNC PRO TUNC" ORDER OR THE TRIAL COURT
ON ITS OWN WAS IMPROPER WHEN IT ALTERED THE ORIGINAL JUDGMENT,

THUS, WHAT HAS TRANSPIRED HERE IS AS FOLLOWS:

(1) IT BREACHED THE PLEA BARGAIN.

(2) MAKES PETITIONER'S PLEA INVOLUNTARY, UNKNOWINGLY, AND UNINTENTIONAL MADE.

(3) THEREFORE, PETITIONER HAS A RIGHT TO WITHDRAW HIS PLEA, BECAUSE A "NUNC PROTUNC" CANNOT BE USED BY THE STATE OR BY THE COURT TO CHANGE, ALTER, OR MODIFY THE RECORD TO REFLECT WHAT THE STATE OR THE COURT BELIEVES SHOULD HAVE OCCURED IN THE ORIGINAL PROCEEDING. SEE: BLANTON V. STATE, 369 S.W.3d 894, 897-98 (TEX. CRIM. APP. 2012). THIS VIOLATES PETITIONERS DUE PROCESS OF THE FOURTEENTH (14TH) AMENDMENT TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTIONS THIRTEEN (13) AND NINETEEN (19) OF THE TEXAS CONSTITUTION. BASED ON THE FACTUAL ALLEGATIONS, THE TRIAL COURT SHALL THEREFORE GRANT AND ACCEPT PETITIONER'S RIGHT TO WITHDRAW HIS PLEA OF GUILT, APPOINT COUNSEL TO REPRESENT HIM TO PROPERLY FILE HIS APPLICATION FOR WRIT OF HABEAS CORPUS FOR NEW TRIAL WHICH THE TRIAL COURT SHALL AGREE TO IN THE INTEREST OF JUSTICE, SEE: TEXAS CODE OF CRIMINAL PROCEDURE; ARTICLE 1.051.

THE PLEA BARGAIN IN THIS CASE IS AN INTEGRAL PART OF THE CRIMINAL JUSTICE SYSTEM. SEE: GUTIERREZ V. STATE, 108 S.W.3d 304, 306 (TEX. CRIM. APP. 2003); BRADY V. UNITED STATES, 397 U.S. 742, 752 N.10 (1970). AT ITS CORE, A PLEA BARGAIN IS A CONTRACT BETWEEN THE STATE AND THE DEFENDANT. SEE: EX PARTE MOUSSAZADEH, 64 S.W.3d 404, 411 (TEX. CRIM. APP. 2001); ORTIZ V. STATE, 933 S.W.2d 102, 104 (TEX. CRIM. APP. 1996); EX PARTE WILLIAMS, 637 S.W.2d 943, 948 (TEX. CRIM. APP. 1982). AS A CONTRACT, ONCE BOTH PARTIES HAVE ENTERED KNOWINGLY AND VOLUNTARILY INTO A PLEA BARGAIN, THEY ARE BOUND BY THE TERMS OF THAT AGREEMENT ONCE IT IS ACCEPTED BY THE JUDGE. PLEA AGREEMENTS MAY CONTAIN A WIDE VARIETY OF STIPULATIONS

AND CONDITIONS THAT ALLOW THE STATE TO TAILOR CONDITIONS IN ORDER TO REACH AGREEMENT WITH THE DEFENDANT. SEE: BRUNELLE V STATE, 113 S.W. 3d 788 (TEX. APP. TYLER 2003, NOT PET); GORSKY V. STATE, 55 S.W. 3d 227 (TEX. APP. CORPUS CHRISTI 2001, NO PET); TORREZ V. STATE, 925 S.W. 2d 361, (TEX. APP. FORT WORTH 1996, NO PET.).

HERE, IN THIS CASE. ONE (1) OF THE AGREEMENTS WAS THE STATE WOULD WAIVE THE FINDING OF A DEADLY WEAPON FINDING. THE ONLY PROPER ROLE OF THE TRIAL COURT IN THIS PLEA BARGAIN PROCESS WAS TO ADVISE PETITIONER WHETHER THE TRIAL COURT "FOLLOW OR REJECT" THE PLEA BARGAIN BETWEEN THE STATE AND PETITIONER. SEE: TEXAS CODE CRIMINAL PROCEDURE ARTICLE 26.13 (A) (2). THE TRIAL COURT DID THEN AND THERE ACCEPT THE PLEA AGREEMENT, THEREAFTER, THE STATE COULD NOT WITH-DRAW FROM THIS OFFER. SEE: BITTERMAN V. STATE, 180 S.W. 3d 139, 142 (TEX. CRIM. APP. 2005) (CITING ORTIZ V STATE, 933 S.W 2d 102 (TEX. CRIM. APP. 1996).

HERE, IF THE TRIAL COURT REJECTED THIS PLEA BARGAIN, AS THE RECORD CLEARLY SHOWS, EITHER THE STATE OR THE TRIAL COURT DID, THEN AS A MATTER OF RIGHT, I SHALL BE ALLOWED TO WITHDRAW MY GUILTY PLEA, AND THE STATE MAY THEN WITHDRAW ITS OFFER. TEXAS CODE CRIMINAL PROCEDURE, ARTICLE 26.13 (A)(2) ("SHOULD THE TRIAL COURT REJECT ANY SUCH AGREEMENT, THE DEFENDANT SHALL BE PERMITTED TO WITHDRAW HIS GUILTY PLEA"). ONLY THE STATE WAS ALLOWED TO OFFER OR WITHDRAW A PLEA BARGAIN.

HERE, [IF] THE STATE FILED THE "NUNC PRO TUNC" TO ALTER THE JUDGMENT, THEN THE STATE KNOWINGLY AND INTENTIONALLY FAILED TO NOTIFY PETITIONER OF THIER RENIGING THE PLEA BARGAIN AGREEMENT IN A TIMELY FASHION SO THAT PETITIONER WOULD NOT BE ABLE TO COUNTER THIS MALICIOUS ACT. ON THE OTHER HAND, IF THIS WAS BY THE TRIAL COURT, THEN THE TRIAL COURT COMMITTED

FUNDAMENTAL ERROR WHEN IT UNILATERALLY CHANGED THE PLEA BARGAIN AGREEMENT. SEE: PAPILLION V. STATE, 908 S.W. 2d 621, 624 (TEX. APP. - BEAUMONT 1995. NO PET.) (ERROR OCCURED "WHEN [THE TRIAL COURT] INSERTED ADDITIONAL, NON - NEGOTIATED TERMS INTO THE NEGOTIATED PLEA BARGAIN BETWEEN THE STATE AND APPELLANT, AND THEN MADE ACCEPTANCE OR REJECTION OF SAID PLEA BARGAIN CONTINGENT ON WHETHER OR NOT APPELLANT COMPLIED WITH SAID ADDITIONAL, NON-NEGOTIATED TERMS").

HERE, THE TRIAL COURT IN PETITIONER'S CASE FAILED OR REFUSED TO ALLOW PETITIONER TO ACCEPT OR REJECT OF SAID PLEA BARGAIN CONTINGENT ON WHETHER OR NOT HE WOULD COMPLY WITH SAID ADDITIONAL, NON-NEGOTIATED TERMS. IN "SANTOBELLO", SUPREME COURT DOUGLAS EXPRESSED THE VIEW THAT WHERE A "PLEA BARGAIN" WAS NOT KEPT BY THE PROSECUTOR, THE SENTENCE MUST BE VACATED AND THE STATE COURT SHOULD DECIDE IN LIGHT OF THE CIRCUMSTANCES OF EACH CASE WHETHER DUE PROCESS REQUIRED (1) THAT THERE BE SPECIFIC PERFORMANCE OF THE PLEA BARGAIN, OR (2) THAT THE DEFENDANT BE GIVEN THE OPTION TO GO TO TRIAL ON THE ORIGINAL CHARGES, THE DEFENDANT'S PREFERENCE TO BE GIVEN CONSIDERABLE, IF NOT CONTROLLING WEIGHT IN CHOOSING THE APPROPIATE REMEDY. SUPREME COURT MARSHALL J., BRENNAN AND STEWART JJ., AGREED WITH MUCH OF THE MAJORITY'S OPINION, BUT EXPRESSED THE VIEW WHERE THE PROSECUTION BREAKS THE PLEA AGREEMENT AND THE DEFENDANT SEEKS TO VACATE HIS GUILTY PLEA RATHER THAN TO ENFORCE THE PLEA BARGAIN, THE RELIEF SOUGHT BY THE DEFENDANT MUST BE GRANTED. SANTOBELLO V. NEW YORK, 404 U.S. 257, 92 S.CT. 495, 30 L.ED. 2d (1971) THEREFORE, PETITIONER BY RIGHT WITHDRAWS HIS PLEA AND DEMANDS A TRIAL BY JURY.

WHEREFORE, PREMISES CONSIDERED, PETITIONER PRAYS THE TRIAL COURT AFTER VIEWING THE MATERIAL FACTS SUPPORTING HIS ARGUEMENT THAT THE ORIGINAL PLEA BARGAIN WAS BREACHED, THUS, ANNULLING THE PLEA BARGAIN AGREEMENT. THAT THE TRIAL COURT IN THE INTEREST OF JUSTICE ORDER COURT APPOINTED COUNSEL TO MAKE A DEPOSITIONAS TO THE PLEA BARGAIN AGREEMENT HE NEGOTIATED WITH THE STATE ON PETITIONER'S BEHALF, ORDER THE STATE'S ATTORNEY TO MAKE THIER FINDING OF FACTS AND CONCLUSIONS OF LAW AS TO PETITIONER'S ALLEGATIONS, AND THEREAFTER FOR THE TRIAL COURT MAKE ITS FINDINGS OF FACTS ADDRESSED TO THE COURT OF CRIMINAL APPEALS EXPRESSING THE TRIAL COURTS AGREEMENT THAT PETITIONER SHOULD BE ALLOWED TO WITHDRAW HIS PLEA, AND THAT PETITIONER IS ENTITLED TO A NEW TRIAL ON GUILT / INNOCENCE, AND ANY OTHER RELIEF THE COURT DEEMS PETITIONER IS ENTITLED TO, HE SO PRAYS.

RESPECTFULLY SUBMITTED

Paul Curtis Leggett

THE HONORABLE JUDGE WAYNE SALVANT
CRIMINAL DISTRICT COURT NUMBER TWO (2)
TARRANT COUNTY, TEXAS

TARRANT COUNTY DISTRICT ATTORNEY
JOE SHANNON, JR.
TIM CURRY JUSTICE CENTER
401 W. BELKNAP, 9TH FLOOR
FORT WORTH, TEXAS 76196-0201

CASE NO. 1277124 R

STATE OF TEXAS

V.

PAUL CURTIS LEGGETT

IN THE CRIMINAL

DISTRICT COURT TWO (2)

TARRANT COUNTY, TEXAS

## ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, PETITIONER PAUL CURTIS LEGGETT, T.D.C.J. NO. 1780272, AND REQUESTS THAT THE TRIAL COURT ORDER TO THE INTEREST OF JUSTICE THAT COURT-APPOINTED-TRIAL-COUNSEL RAY HALL JR. AT 2000 CARSON STREET, FORT WORTH TEXAS MAKE A FINDING OF FACTS ADDRESSING THE ISSUE OF THE STATE'S WITHDRAW FOR A FINDING OF DEADLY WEAPON AS FOR A PLEA OF THIRTY-EIGHT (38) YEARS; THE STATE'S ATTORNEY AMY CULLUM AT 401 W. BELKNAP FORT WORTH TEXAS 76196-0201 MAKE THIER FINDINGS OF FACTS AS TO THIS PLEA AGREEMENT AND THERE-AFTER HOLD A HEARING FOR AN AFFIRMATIVE FINDING ON THE ISSUE OF THE FINDING OF DEADLY WEAPON AS IT PERTAINS TO THIS PLEA BARGAIN. FURTHERMORE, FOR THE TRIAL COURT TO MAKE ITS FINDINGS OF FACTS AND CONCLUSIONS OF LAW (NUNC PRO TUNC) ADDRESSED TO THE TEXAS COURT OF CRIMINAL APPEALS EXPRESSING THE TRIAL COURTS TO BE ALLOWED TO EITHER START A DIRECT APPEAL AS IF ITS AFTER THE PLEA OR A MOTION FOR NEW TRIAL BY WRIT OF HABEAS CORPUS FOR WHICH PETIT-IONER IS ENTITLED TO EITHER.

FURTHERMORE, IN THE INTEREST OF JUSTICE, THE COURT APPOINTS ATTORNEY _____ AT _____, FORT WORTH TEXAS _____ AS COUNSEL FOR PETITIONER PURSUANT TO ARTICLE 1.05(d)(2), TEXAS CODE CRIMINAL PROCEDURE.

... ON THIS DAY SEPTEMBER 5TH OF 2014 CAME TO BE HEARD PETITIONERS MOTION FOR RECONSIDERATION OF THE NUNC PRO TUNC ORDER CORRECTING ORIGINAL JUDGMENT BY THE COURT ON THE FINDING OF THE DEADLY WEAPON FINDING AFTER CONSIDERING THE MOTION, EVIDENCE PRESENTED THEREON, AND HEARING ARGUMENTS BY TRIAL COUNSEL AND THE STATE'S ATTORNEY, THIS COURT FINDS PETITIONERS FACTUAL ALLEGATIONS MADE IN THE ABOVE STYLED AND NUMBERED CAUSE AND THEREFORE, IT IS OF THE OPINION OF THE COURT THAT SAID MOTION SHOULD BE AND HEREBY IS GRANTED IN ALL THINGS.

THEREFORE, IT IS HEREBY ORDERED THAT TRIAL COUNSEL AND STATE'S ATTORNEY MAKE THEIR DEPOSITIONS AS TO PETITIONER'S ALLEGATION AS TO THE FINDING OF A DEADLY WEAPON AS TO THE ORIGINAL PLEA BARGAIN, AND SUBMIT TO THE TRIAL COURT THIRTY (30) DAYS AFTER RECEIPT OF THIS ORDER AND THEREAFTER SET FOR A HEARING IN THIS COURT THEREAFTER AS SET BY THE COURT

SIGNED THIS _____ DAY OF _____, _____


_____
JUDGE PRESIDING

SUBMITTED BY:
PAUL CURTIS LEGGETT 01780272
JOHN M. WYNNE UNIT
810 FM 2821
HUNTSVILLE, TEXAS 77349-0001

CAUSE NO.: 1277124

I PAUL CURTIS LEGGETT DECLARE UNDER PENALTY OF PURJURY
THAT THE ENCLOSED PHOTOCOPYED DOCUMENT "MOTION FOR RECONS-
IDERATION OF NUNC PRO TUNC ORDER CORRECTING MINUTES OF
THE COURT ON THE FINDING OF THE DEADLY WEAPON NOTICE" HAS BEEN
PROPERLY FILED IN THE TARRANT COUNTY COURT ON SEPTEMBER 16TH
OF 2014 @ 9:40 AM BY THOMAS A. WILDER CRIMINAL DISTRICT
CLERK OF TARRANT COUNTY 401 WEST BELKNAP FORT WORTH TEXAS
76196-0402 AND AS OF THIS DAY SEPTEMBER 14TH OF 2015 PURSUANT
TO 28 U.S.C. § 1746 HAS BEEN MAILED FROM THE LAW LIBRARY BOX OF
THIS WYNNE UNIT IN HUNTSVILLE TEXAS TO THE FOLLOWING:

- HONORABLE JOHN MCBRYDE UNITED STATES DISTRICT COURT
  OFFICE OF THE CLERK FOR THE NORTHERN DISTRICT OF TEXAS
  501 WEST TENTH ST., ROOM 310
  FORT WORTH, TEXAS 76102 (817) 850-6650

- ABLE ACOSTA, CLERK COURT OF CRIMINAL APPEALS OF TEXAS
  P.O. BOX 12308, CAPITOL STATION
  AUSTIN, TEXAS 78711

- HONORABLE CATHARINA HAYNES C/O LYLE W. CAYCE, CLERK
  UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT
  OFFICE OF THE CLERK, F. EDWARD HERBERT BUILDING
  600 S. MAESTRI PLACE
  NEW ORLEANS, LOUISIANA 70130-3408

- SOLICITOR GENERAL OF THE UNITED STATES
  ROOM 5616
  DEPARTMENT OF JUSTICE
  950 PENNSYLVANIA AVENUE, N.W.
  WASHINGTON, DC 20530-0001

RESPECTFULLY,

Paul Curtis Leggett
PAUL CURTIS LEGGETT
01780272
WYNNE UNIT
810 FM 2821
HUNTSVILLE, TEXAS 77349